IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| PRUCENCIO MARTINEZ, | ) |
| Plaintiff, | ) ) ) |
| v. | ) 1:09cv1112 (JCC) ) |
| RESOURCE BANK, FSB, et al., | ) ) |
| Defendants. | ) ) |

### **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant MBH Settlement Group, L.C.'s ("MBH's" or "Defendant's") Motion to Dismiss Plaintiff Prucencio Martinez's ("Martinez's" or "Plaintiff's") complaint ("Complaint") for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the following reasons, the Court will grant Defendant's unopposed Motion to Dismiss Plaintiff's Complaint.

### **I. Background**

This case arises out of a residential home mortgage loan settlement which took place on January 29, 2004 in connection with Plaintiff's purchase of the property ("Property") located at 4111 Granby Road, Woodbridge, Virginia.  (Compl. ¶ 3.) Plaintiff is the borrower of the residential home mortgage loans ("Loans") at issue and the owner of the Property.  (Compl. ¶ 3.)

Defendant Resource Bank, FSB ("Resource Bank") is the original lender of the Loans in the amount of $259,949.23. (Compl. ¶ 4.) Defendant U.S. Bank National Association ("U.S. Bank") is the trustee under the deed of trust executed by Plaintiff in connection with the Loans secured by the Property. (Compl. ¶ 5.) Defendant Samuel I. White, P.C. ("Samuel I. White") is a substitute trustee for the foreclosure sale of the Property. Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") is a data management company based in Virginia. (Compl. ¶ 7.) Defendant MBH Settlement Group, L.C. ("MBH"), upon information and belief, is the settlement agent of the Loans. (Compl. ¶ 8.) Plaintiff also named Defendants John Does 1-50 whose names and capacities are unknown at this time. (Compl. ¶ 9.)

The Complaint contains the following eight causes of action against various Defendants: (1) violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.*, and the Virginia Consumer Real Estate Settlement Protection Act ("CRESPA"), Va. Code. Ann. §§ 6.1-2.19, *et seq.*; (2) violations of the Federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*, and 12 C.F.R. § 226 ("Regulation Z"); (3) common law conspiracy; (4) fraud in fact and fraud in the inducement; (5) breach of fiduciary duty; (6) negligence; (7) violation of the Virginia Mortgage Lender and Broker Act ("MLBA"); and (8) declaratory judgment. (Compl. ¶¶ 20-80.) Plaintiff seeks statutory damages, general damages in the sum of

$300,000, actual damages to be established at trial, costs and reasonable attorney's fees, a judgment order declaring that Defendants are not entitled to enforce the Loans against Plaintiff, a judgment order asking Defendants to identify the actual note holder of the Loans, and any other relief the Court deems appropriate. Plaintiff also seeks an injunctive relief "prohibiting the Defendant[s] from any action which would result in Plaintiff being ousted from the disputed Property" and punitive damages in the sum of $750,000.

The allegations in the Complaint are as follows: Plaintiff is from El Salvador and is a permanent resident of the United States with limited ability to speak, read, or write in English. (Compl. ¶ 10.) To purchase the Property, Plaintiff submitted a Uniform Residential Loan Application ("URLA") to Defendant Resource Bank under the belief that he was being qualified for a fixed rate mortgage loan. (Compl. ¶ 11.) Plaintiff contends that he should have but did not receive a Good Faith Estimate ("GFE") after he submitted the URLA. (Compl. ¶ 11.) Also, Plaintiff alleges that Defendant Resource Bank failed to verify the misrepresented income figure that was included in the URLA. (Compl. ¶ 19.)

To pay for the Property, Plaintiff obtained two Loans in the amount of $200,000 ("First Loan") and $50,000 ("Second Loan") respectively. (Compl. ¶ 12.) Defendant Resource Bank informed Plaintiff that he could lock in the interest rate on the

First Loan at 6.25%, to be amortized for 30 years, if Plaintiff closed the loan within a certain time frame. (Compl. ¶ 13.) However, the interest rate was due to adjust within two years of the signing. (Compl. ¶ 13.) The adjustable rate note for the First Loan provides that the loan is fixed for approximately two years, thereafter adjusting to a variable interest rate of 9.25%, then to 11.25% within the fourth year. (Compl. Ex. 1.) The balloon note for the Second Loan provides that the interest rate on the Second Loan is fixed at 11.875% and the remaining balance of the loan would balloon and be due on February 1, 2019. (Compl. Ex. 2.)

      Plaintiff settled on the purchase of the Property on January 29, 2004 at the offices of MBH in Lake Ridge, Virginia. (Compl. ¶¶ 12, 17.) The settlement took less than 30 minutes. (Compl. ¶ 17.) Plaintiff alleges that he felt rushed by MBH and had to sign the relevant settlement papers without knowing the specifics of the documents. (Compl. ¶ 17.) Plaintiff states that he signed the papers assuming that he received a fixed interest rate loan. (Compl. ¶ 17.) In connection with the First Loan, Plaintiff executed a deed of trust ("DOT") owing $200,000 to Defendant Resource Bank and promised to pay this debt in full no later than February 1, 2034. (Compl. Ex. 3.) The DOT was executed for the benefit of Defendant MERS and was secured by the Property. (Compl. Ex. 3.)

      When the interest rate on the First Loan adjusted in

4

early 2006, Plaintiff began to experience financial difficulties managing high monthly mortgage loan payments with other living expenses and defaulted on the Loans. (Compl. ¶ 20.) On August 21, 2009, Plaintiff received a letter from Samuel I. White which notified Plaintiff that the foreclosure sale on the Property will take place on September 11, 2009. (Compl. Ex. 6.) The letter also informed Plaintiff that if the Property is sold as scheduled, he would be required to vacate the premises. (Compl. Ex. 6.)

On September 10, 2009, Plaintiff filed the Complaint against Defendants Resource Bank, U.S. Bank, Samuel I. White, MERS, MBH, and John Does 1 through 50 in the Circuit Court for Prince William County, Virginia. On October 2, 2009, Defendant MBH removed the case to the United States District Court for the Eastern District of Virginia. On October 7, 2009, Defendant MBH moved to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6). Plaintiff did not oppose the Motion. Defendant MBH's Unopposed Motion to Dismiss is before the Court.

## II. Standard of Review

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint. *See Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994) (citation omitted). In deciding a Rule 12(b)(6) motion to dismiss, a court must first be mindful of the liberal pleading standards under Rule 8, which require only

"a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. Thus, a court must take "the material allegations of the complaint" as admitted and liberally construe the complaint in favor of a plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citation omitted).

While Rule 8 does not require "detailed factual allegations," a plaintiff must still provide "more than labels and conclusions" because "a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citation omitted). Indeed, the legal framework of the complaint must be supported by factual allegations that "raise a right to relief above the speculative level." *Id*. at 1965. In its recent decision, *Ashcroft v. Iqbal*, 129 S.Ct 1937 (2009), the Supreme Court expanded upon *Twombly* by articulating the two-pronged analytical approach to be followed in any Rule 12(b)(6) test. First, a court must identify and reject legal conclusions unsupported by factual allegations because they are not entitled to the presumption of truth. *Id.* at 1951. "[B]are assertions" that amount to nothing more than a "formulaic recitation of the elements" do not suffice. *Id.* (citations omitted). Second, assuming the veracity of "well-pleaded factual allegations", a court must conduct a "context-specific" analysis drawing on "its

6

judicial experience and common sense" and determine whether the factual allegations "plausibly suggest an entitlement to relief." *Id.* at 1950-51. The plausibility standard requires more than a showing of "a sheer possibility that a defendant has acted unlawfully". *Id.* at 1949. In other words, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949.

### III. Analysis

Only the following counts are alleged against Defendant MBH in the Complaint: (1) violations of RESPA and CRESPA (Count I), (2) violations of TILA and Regulation Z (Count II), (3) common law conspiracy (Count III), (4) breach of fiduciary duty (Count V), and (5) negligence (Count VI). Defendant MBH moves to dismiss these five counts on the basis that (1) Plaintiff's claims are barred by the applicable statutes of limitations and (2) Plaintiff has failed to plead a statement of claim showing that he is entitled to relief sought. (Def.'s Mem. in Supp. of Mot. to Dismiss ("Def.'s Mem.") 2-4.)

### A. Statute of Limitations

Defendant MBH submits that all of the Plaintiff's claims arise out of the settlement that took place on January 29, 2004 or the events that occurred prior to the settlement. (Def.'s Mem. 2.) Defendant MBH argues that because the

7

settlement took place more than five years before the Complaint was filed on September 10, 2009, all claims against it are time-barred and must be dismissed.

### 1. Count I

Plaintiff alleges in Count I of his Complaint that Defendants Resource Bank and MBH violated RESPA and CRESPA when they failed to provide Plaintiff proper pre-disclosure statements and a signed copy of the original documentation for the Loans on or before the date of the settlement. As an initial matter, the Court finds that CRESPA is inapplicable in this case because CRESPA does not allow for a private cause of action. *See Stith v. Thorne*, 247 F.R.D. 89, 96 (E.D. Va. 2007) ("Stith is an individual and not a licensing authority; therefore she cannot pursue a private cause of action under CRESPA.")

Defendant MBH submits that Count I must be dismissed because Plaintiff's RESPA claim[1] is time-barred by the applicable statute of limitations. (Def.'s Mem. 2.) RESPA's statute of limitations provisions vary depending on which sections of RESPA are alleged to have been violated. 12 U.S.C. § 2614 ("Any action pursuant to the provisions of section 2605, 2607, 2608 of this title may be brought . . . within 3 years in the case of a

---

[1] Plaintiff alleges that Defendants Resource Bank and MBH violated section 2606 of RESPA. (Compl. ¶ 26.) Section 2606 of RESPA simply provides what credit transactions involving extensions of credit are exempted from the application of RESPA, 12 U.S.C. § 2606, and is inapplicable to Plaintiff's allegations against Defendants Resource Bank and MBH.

8

violation of section 2605 . . . and 1 year in the case of a violation of section 2607 or 2608 of this title from the date of the occurrence of the violation.")  Based on this Court's review of the Complaint, it is unclear what sections of RESPA Plaintiff is alleging to have been violated.  Notwithstanding such ambiguity, the Court finds that Plaintiff's RESPA claim is nonetheless barred by the applicable statute of limitations because the alleged violation occurred more than five years before Plaintiff filed the Complaint on September 10, 2009.

### 2.  Count II

Plaintiff in Count II of the Complaint alleges that Defendants Resource Bank and MBH violated TILA and Regulation Z by (1) failing to timely disclose required information regarding the real estate transaction at issue; (2) knowingly giving false information to Plaintiff thus inducing him to enter into the real estate transaction at issue; and (3) failing to provide Plaintiff a signed copy of the original documentation for the Loans. (Compl. ¶¶ 35-39.)  Defendant MBH submits that Count II must be dismissed because Plaintiff's TILA and Regulation Z claim, like Count I, is time-barred by the applicable statute of limitations. (Def.'s Mem. 2.)

Plaintiff has failed to allege which specific sections of TILA have been violated by Defendants Resource Bank and MBH. Despite this ambiguity, the Court finds that Plaintiff's TILA

9

claim is barred by either the one-year statute of limitations under section 1640(e) or the three-year condition precedent under section 1635(f).  *See* 15 U.S.C. § 1640(e) ("Any action under this section may be brought . . . within one year from the date of the occurrence of the violation"); *also see* 15 U.S.C. 1635(f) ("An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first.")  Given that the settlement at issue and all events leading to the settlement occurred more than five years before the Complaint was filed, the Court finds that Count II of the Complaint is time-barred by the applicable statute of limitations.

### 3.  Counts III, V, VI

Defendant MBH moves the Court to dismiss Count III (Common Law Civil Conspiracy), Count V (Breach of Fiduciary Duty), and Count VI (Negligence) of the Complaint based on the fact that these claims are barred by the applicable statutes of limitations.  Even though the Complaint lacks sufficient facts for the Court to ascertain the nature of these claims in order to choose the applicable statute of limitations period, the Court finds that all these claims are barred under the two-year statute of limitations period under Virginia Code § 8.01-243(A), five-year statute of limitations period under Virginia Code § 8.01-243(B), or the two-year "catch-all" statute of limitations period

under Virginia Code § 8.01-248.  *See* Va. Code Ann. §§ 8.01-243, 248.  Given that the settlement at issue occurred on January 29, 2004 (Compl. ¶ 12), more than five years before Plaintiff brought this suit, and all other violations alleged in the Complaint occurred prior to the settlement, the Court finds that the applicable statutes of limitations on Counts III, V, and VI, whether two or five, bar Plaintiff's claims against Defendant MBH.

### B.  Rule 12(b)(6)

In addition to making its statute of limitations argument, Defendant MBH avers alternatively that all claims alleged against it must be dismissed because the Complaint "fails to allege facts sufficient to put MBH on notice of what was done wrong [by MBH]."  (Def.'s Mem. 3.)  Because the Court found above that the applicable statutes of limitations bar all Plaintiff's claims against Defendant MBH, the Court notes that it need not reach the merits of Defendant's Rule 12(b)(6) argument.

### C.  Dismissal with Prejudice

The Fourth Circuit has held that when a complaint is not curable through amendment, dismissal is properly rendered with prejudice and without leave to amend.  *See Cozzarelli v. Inspire Pharms. Inc.*, 549 F.3d 618, 630 (4th Cir. 2008) (affirming dismissal with prejudice where amendment would have been futile); *see also McLean v. United States*, 566 F.3d 391,

11

400-401 (4th Cir. 2009) (holding that an unqualified dismissal is proper when the court has reviewed the claim and found it to be substantially without merit).  In this case, even if Plaintiff amends the Complaint and supplements it with more specific factual allegations, Plaintiff will not be able to circumvent the applicable statutes of limitations.  Thus, the Court finds that Plaintiff's Complaint is not viable through amendment and will dismiss the Complaint with prejudice.

### IV.  Conclusion

For the foregoing reasons, the Court will grant Defendant MBH's Motion to Dismiss Plaintiff's Complaint with prejudice.

An appropriate Order will issue.

November 9, 2009                          /s/
Alexandria, Virginia                James C. Cacheris
                              UNITED STATES DISTRICT COURT JUDGE