```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF VIRGINIA

                        Alexandria Division


PRUCENCIO MARTINEZ,            )
                               )
     Plaintiff,                )
                               )
         v.                    )    1:09cv1112 (JCC)
                               )
RESOURCE BANK, FSB, et al.,    )
                               )
     Defendants.               )
                               )
```

### **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendants U.S. Bank National Association, Mortgage Electronic Registration Systems, Inc., and Samuel I. White, P.C.'s (collectively "Defendants'") Motions to Dismiss Plaintiff Prucencio Martinez's complaint ("Complaint") for insufficient process and insufficient service of process pursuant to Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5), and for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court will grant Defendants' unopposed Motions to Dismiss.

### **I. Background**

This case arises out of a residential home mortgage loan settlement which took place on January 29, 2004 in

1

connection with Plaintiff's purchase of property located at 4111 Granby Road, Woodbridge, Virginia ("Property"). (Compl. ¶ 3.) Plaintiff Prucencio Martinez ("Martinez" or "Plaintiff") is the borrower of the residential home mortgage loans ("Loans") at issue and the owner of the Property. (Compl. ¶ 3.) Defendant Resource Bank, FSB ("Resource Bank") is the original lender of the Loans in the amount of $259,949.23. (Compl. ¶ 4.) Defendant U.S. Bank National Association ("U.S. Bank") is the trustee under the deed of trust executed by Plaintiff in connection with the Loans secured by the Property. (Compl. ¶ 5.) Defendant Samuel I. White, P.C. ("Samuel I. White") is a substitute trustee for the foreclosure sale of the Property. (Compl. ¶ 6.) Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") is a data management company based in Virginia. (Compl. ¶ 7.) Defendant MBH Settlement Group, L.C. ("MBH"), upon information and belief, is the settlement agent of the Loans. (Compl. ¶ 8.) Plaintiff also named Defendants John Does 1-50 whose names and capacities are unknown at this time. (Compl. ¶ 9.)

The Complaint contains the following eight causes of action against various Defendants: (1) violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.*, and the Virginia Consumer Real Estate Settlement Protection Act ("CRESPA"), Va. Code. Ann. §§ 6.1-2.19*, et seq.;* (2) violations of the Federal Truth in Lending Act ("TILA"), 15

U.S.C. § 1601, *et seq.,* and 12 C.F.R. § 226 ("Regulation Z"); (3) common law conspiracy; (4) fraud in fact and fraud in the inducement; (5) breach of fiduciary duty; (6) negligence; (7) violation of the Virginia Mortgage Lender and Broker Act ("MLBA"); and (8) declaratory judgment. (Compl. ¶¶ 20-80.) Plaintiff seeks statutory damages, general damages in the sum of $300,000, actual damages to be established at trial, costs and reasonable attorney's fees, a judgment order declaring that Defendants are not entitled to enforce the Loans against Plaintiff, a judgment order asking Defendants to identify the actual note holder of the Loans, and any other relief the Court deems appropriate. Plaintiff also seeks an injunctive relief "prohibiting the Defendant[s] from any action which would result in Plaintiff being ousted from the disputed Property" and punitive damages in the sum of $750,000.

The allegations in the Complaint are as follows: Plaintiff is from El Salvador and is a permanent resident of the United States with limited ability to speak, read, or write in English. (Compl. ¶ 10.) To purchase the Property, Plaintiff submitted a Uniform Residential Loan Application ("URLA") to Defendant Resource Bank under the belief that he was being qualified for a fixed rate mortgage loan. (Compl. ¶ 11.) Plaintiff contends that he should have but did not receive a Good Faith Estimate ("GFE") after he submitted the URLA. (Compl.

3

¶ 11.) Also, Plaintiff alleges that Defendant Resource Bank failed to verify the misrepresented income figure that was included in the URLA. (Compl. ¶ 19.)

To pay for the Property, Plaintiff obtained two Loans in the amount of $200,000 ("First Loan") and $50,000 ("Second Loan") respectively. (Compl. ¶ 12.) Defendant Resource Bank informed Plaintiff that he could lock in the interest rate on the First Loan at 6.25%, to be amortized for 30 years, if Plaintiff closed the loan within a certain time frame. (Compl. ¶ 13.) However, the interest rate was due to adjust within two years of the signing. (Compl. ¶ 13.) The adjustable rate note for the First Loan provides that the loan is fixed for approximately two years, thereafter adjusting to a variable interest rate of 9.25%, then to 11.25% within the fourth year. (Compl. Ex. 1.) The balloon note for the Second Loan provides that the interest rate on the Second Loan is fixed at 11.875% and the remaining balance of the loan would balloon and be due on February 1, 2019. (Compl. Ex. 2.)

Plaintiff settled on the purchase of the Property on January 29, 2004 at the offices of MBH in Lake Ridge, Virginia. (Compl. ¶¶ 12, 17.) The settlement took less than 30 minutes. (Compl. ¶ 17.) Plaintiff alleges that he felt rushed by MBH and had to sign the relevant settlement papers without knowing the specifics of the documents. (Compl. ¶ 17.) Plaintiff states

that he signed the papers assuming that he received a fixed interest rate loan. (Compl. ¶ 17.) In connection with the First Loan, Plaintiff executed a deed of trust ("DOT") owing $200,000 to Defendant Resource Bank and promised to pay this debt in full no later than February 1, 2034. (Compl. Ex. 3.) The DOT was executed for the benefit of Defendant MERS and was secured by the Property. (Compl. Ex. 3.) When the interest rate on the First Loan adjusted in early 2006, Plaintiff began to experience financial difficulties managing high monthly mortgage loan payments with other living expenses and defaulted on the Loans. (Compl. ¶ 20.) On August 21, 2009, Plaintiff received a letter from Samuel I. White which notified Plaintiff that the foreclosure sale on the Property will take place on September 11, 2009. (Compl. Ex. 6.) The letter also informed Plaintiff that if the Property is sold as scheduled, he would be required to vacate the premises. (Compl. Ex. 6.)

On September 10, 2009, Plaintiff filed the Complaint against Defendants Resource Bank, U.S. Bank, Samuel I. White, MERS, MBH, and John Does 1 through 50 in the Circuit Court for Prince William County, Virginia. On October 2, 2009, Defendant MBH removed the case to the United States District Court for the Eastern District of Virginia. On October 7, 2009, Defendant MBH moved to dismiss the Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff did not oppose Defendant

5

MBH's Motion to Dismiss. On November 9, 2009, the Court granted MBH's motion and dismissed the Complaint against MBH with prejudice on the basis that the claims alleged specifically against MBH are barred by the applicable statutes of limitations.

On October 23, 2009, Defendants U.S. Bank and MERS filed their joint Motion to Dismiss and Defendant Samuel I. White filed his Motion to Dismiss on October 30, 2009. Both motions were made by limited appearance to challenge service and service of process pursuant to Rule 12(b)(4) and Rule 12(b)(5) of the Federal Rules of Civil Procedure. Plaintiff did not oppose these motions. Per this Court's request, Plaintiff and Defendants U.S. Bank, MERS, and Samuel I. White filed a supplemental memorandum relating to the statute of limitations issues on November 13, 2009. In the supplemental Memorandum submitted, Defendants U.S. Bank, MERS, and Samuel I. White moved to dismiss the Complaint pursuant to Rule 12(b)(6). Defendants' Motions to Dismiss based on Rules 12(b)(4)-(6) are before the Court.[1]

## II. Standard of Review

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint. *See Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994) (citation omitted). In deciding a

---

[1] Plaintiff has not effected service on Defendants U.S. Bank, MERS, and Samuel I. White, which justifies a dismissal without prejudice pursuant to Rule 12(b)(5) and Rule 4(m) of the Federal Rules of Civil Procedure. However, the Court will focus its analysis on Plaintiff's claims against Defendants under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Rule 12(b)(6) motion to dismiss, a court must first be mindful of the liberal pleading standards under Rule 8, which require only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. Thus, a court must take "the material allegations of the complaint" as admitted and liberally construe the complaint in favor of a plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citation omitted).

While Rule 8 does not require "detailed factual allegations," a plaintiff must still provide "more than labels and conclusions" because "a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citation omitted). Indeed, the legal framework of the complaint must be supported by factual allegations that "raise a right to relief above the speculative level." *Id*. at 1965. In its recent decision, *Ashcroft v. Iqbal*, 129 S.Ct 1937 (2009), the Supreme Court expanded upon *Twombly* by articulating the two-pronged analytical approach to be followed in any Rule 12(b)(6) test. First, a court must identify and reject legal conclusions unsupported by factual allegations because they are not entitled to the presumption of truth. *Id.* at 1951. "[B]are assertions" that amount to nothing more than a "formulaic recitation of the elements" do not suffice. *Id.* (citations omitted). Second,

7

assuming the veracity of "well-pleaded factual allegations", a court must conduct a "context-specific" analysis drawing on "its judicial experience and common sense" and determine whether the factual allegations "plausibly suggest an entitlement to relief." *Id.* at 1950-51. The plausibility standard requires more than a showing of "a sheer possibility that a defendant has acted unlawfully". *Id.* at 1949. In other words, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949.

### III.  Analysis

In Plaintiff's Complaint, only Count VIII (Declaratory Judgment) is specifically alleged against the moving Defendants U.S. Bank, MERS, and Samuel I. White. (Compl. ¶¶ 73-80.) However Paragraph 73 provides that "Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 72 above." (Compl. ¶ 73.) Thus, the Court will address Count VIII first, then address the remaining Counts I through VII to the extent that they might apply to Defendants.

A.  <u>Count VIII</u>

Defendants move to dismiss Count VIII (Declaratory Judgment) on the basis that the allegations of Count VIII are insufficient to state a claim for declaratory judgment. (Mem. in Supp. of Defs.' Supp. Mot. to Dismiss ("Defs.' Mem.") 4-7.)

8

Though unclear, as best as the Court can discern, Plaintiff seeks the Court to declare that Defendants do not have a right to enforce Plaintiff's underlying obligations for the Loans. (Compl. ¶¶ 73-80.)  Even though Plaintiff does not indicate in his Complaint on which legal authority it relies to bring this declaratory judgment claim, the Court will assume that he brings the claim pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, which governs the procedure for obtaining a declaratory judgment under 28 U.S.C. § 2201.  Fed. R. Civ. P. 57.

      For this Court to have jurisdiction to issue a declaratory judgment, the Court must find that (1) there is an actual case or controversy and (2) declaratory relief is appropriate.  *White v. National Union Fire Ins. Co.*, 913 F.2d 165, 167 (4th Cir. 1990).  Whether there exists an actual controversy "is necessarily one of degree, and it would be difficult, if it would be possible, to fashion a precise test for determining in every case whether there is such a controversy." *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941).  "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."  *Id.*  Upon review of the

Complaint, the Court agrees with Defendants that Plaintiff failed to allege the existence of an actual controversy of any immediacy between him and the moving Defendants. Plaintiff summarily states that there is an "actual controversy" (Compl. ¶ 74.) because "none of the Defendants nor agents of the Defendants can be considered persons entitled to enforce, holders, or holders in due course in connection with the negotiable instruments." (Compl. ¶ 77.)

The Court is not convinced that a mere allegation by Plaintiff that there is an actual controversy and that Defendants do not have the right to enforce Plaintiff's obligations under the Loans is sufficient to clear the Rule 12(b)(6) bar in light of the *Iqbal* standard. Paragraphs 74-80 of the Complaint are replete with "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" and contains nothing "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. In light of Plaintiff's failure to allege sufficient facts that give rise to an actual controversy, the Court need not consider whether it is appropriate for the Court to issue a declaratory judgment. Based on the reasons articulated above, Plaintiff's claim for Count VIII will be dismissed.

### B. Count I-VII

Defendants submit that all of the Plaintiff's claims

10

arise out of the settlement that took place on January 29, 2004 or the events that occurred prior to the settlement. (Defs.' Mem. 7-12.) Defendants further submit that because the settlement took place more than five years before the Complaint was filed on September 10, 2009, Counts I through VI against them, to the extent that they apply, are time-barred and must be dismissed. (Defs.' Mem. 7-12.) Additionally, Defendants argue that Count VII, which alleges a violation of the "Virginia Lender and Broker Act,"[2] should be dismissed based on the fact that Virginia's Mortgage Lender and Broker Act ("MLBA") does not create a private cause of action. (Defs.' Mem. 12.) The Court will address each of the remaining counts in turn.

### 1. Count I

Plaintiff alleges in Count I of his Complaint that "Defendants", though not clear which ones, violated RESPA and CRESPA when they failed to provide Plaintiff proper pre-disclosure statements and a signed copy of the original documentation for the Loans on or before the date of the settlement. As an initial matter, the Court finds that CRESPA is inapplicable in this case because CRESPA does not allow for a private cause of action. See Stith v. Thorne, 247 F.R.D. 89, 96

---

[2] Defendants presume, and so does the Court, that Plaintiff must have meant to allege a violation of Virginia's Mortgage Lender and Broker Act ("MLBA"), Va. Code Ann. § 6.1-408, et seq., when he alleged a violation of the "Virginia Lender and Broker Act" in his Complaint.

11

(E.D. Va. 2007) ("Stith is an individual and not a licensing authority; therefore she cannot pursue a private cause of action under CRESPA.")

Defendants submit that Count I must be dismissed because Plaintiff's RESPA claim[3] is time-barred by the applicable statute of limitations. (Def.'s Mem. 7-8.) RESPA's statute of limitations provisions vary depending on which sections of RESPA are alleged to have been violated. 12 U.S.C. § 2614 ("Any action pursuant to the provisions of section 2605, 2607, 2608 of this title may be brought . . . within 3 years in the case of a violation of section 2605 . . . and 1 year in the case of a violation of section 2607 or 2608 of this title from the date of the occurrence of the violation.") Notwithstanding the ambiguity in the Complaint regarding what sections of RESPA Plaintiff is alleging to have been violated by which Defendants, Defendants argue that Plaintiff's RESPA claim is nonetheless barred by the applicable statute of limitations because the alleged violation occurred more than five years before Plaintiff filed the Complaint on September 10, 2009. (Defs.' Mem. 7-8.)

Plaintiff submits that his RESPA claim should not be time-barred because he should receive the benefit of equitable

---

[3] Plaintiff alleges that Defendants violated section 2606 of RESPA. (Compl. ¶ 26.) Section 2606 of RESPA simply provides what credit transactions involving extensions of credit are exempted from the application of RESPA, 12 U.S.C. § 2606, and is inapplicable to Plaintiff's allegations against Defendants.

12

tolling which "should be read into every federal statute of limitations" based on Defendants' failure to provide the URLA and GFE to Plaintiff. (Pl.'s Supplemental Brief Application of Limitations to the Matter Sub Judice ("Pl.'s Mem.") 7-8)(citing *Barnes v. West, Inc.*, 243 F.Supp.2d 559, 562 (E.D. Va. 2003)).

The threshold question is whether equitable tolling applies to the statute of limitations analysis of Plaintiff's RESPA Claim. The D.C. Circuit held in *Hardin v. City Title & Escrow Co.*, 797 F.2d 1037, 1040-41 (D.C. Cir. 1986), that the statute of limitations imposed by RESPA was a jurisdictional prerequisite, thus was not subject to equitable tolling. Moreover, relying on *Hardin,* the Fourth Circuit in an unpublished opinion held that the equitable tolling doctrine was not applicable to RESPA. *Zaremski v. Keystone Title Assoc., Inc.,* 884 F.2d 1391, at *2 (4th Cir. 1989). On the other hand, other federal courts have held that the statute of limitations imposed by RESPA was subject to equitable tolling. *See, e.g., Lawyers Title Ins. Corp. v. Dearborn Title Corp.*, 118 F.3d 1157, 1166-67 (7th Cir. 1997); *Carr v. Home Tech Co.*, Inc., 476 F.Supp.2d 859, 868-69 (W.D. Tenn. 2007); *Mullinax v. Radian Guar. Inc.*, 199 F.Supp.2d 311, 328 (M.D.N.C. 2002); *Kerby v. Mortgage Funding Corp.*, 992 F.Supp. 787,797 (D. Md. 1998).

If the Court were to decide that the statute of limitations period in RESPA was subject to equitable tolling, the

next inquiry is whether Plaintiff met the prerequisites to receive the benefit of equitable tolling. *Barnes v. West, Inc.*, 243 F.Supp.2d 559, 563 (E.D. Va. 2003). Plaintiff submits that Defendants' fraudulent concealment is a basis for tolling the applicable statutes of limitations. (Pl.'s Mem. 3-9.) To invoke the doctrine of fraudulent concealment as a basis for equitable tolling, Plaintiff must show the following elements: "(1) the party pleading the statute of limitations fraudulently concealed facts that are the basis of the [P]laintiff's claim, and (2) the [P]laintiff failed to discover those facts within the statutory period, despite (3) the exercise of due diligence." *Supermarket of Marlinton Inc. v. Meadow Gold Diaries, Inc.,* 71 F.3d 119, 122 (4th Cir. 1995). In order to satisfy the first element of this test, Plaintiff must present evidence of affirmative "acts of concealment [by Defendants]." *Id.* at 125 (internal citation omitted).

      The Court declines to reach whether the time limit to bring a lawsuit under RESPA should be tolled on account of fraud in this case. Even if the statute of limitations period in RESPA was subject to equitable tolling, the Complaint does not contain any evidence on which this Court can conclude that there were affirmative acts of fraudulent concealment by any of the moving Defendants. Nowhere in the Complaint does Plaintiff plead sufficient facts evidencing Defendants' specific and affirmative

14

action to conceal information that could form the basis of Plaintiff's claims. For those reasons, the Court will dismiss Count I of the Complaint against Defendants.

### 2. Count II

Plaintiff in Count II of the Complaint alleges that Defendants, though unclear which ones, violated TILA and Regulation Z by (1) failing to timely disclose required information regarding the real estate transaction at issue; (2) knowingly giving false information to Plaintiff thus inducing him to enter into the real estate transaction at issue; and (3) failing to provide Plaintiff a signed copy of the original documentation for the Loans. (Compl. ¶¶ 35-39.)

Defendants submit that Count II, to the extent that it applies to them, must be dismissed because Plaintiff's TILA and Regulation Z claim, like Count I, is time-barred by the applicable statute of limitations. (Defs.' Mem. 8-9.) In his Complaint, Plaintiff has failed to allege which specific Defendants violated which specific sections of TILA. Despite this ambiguity, Defendants submit that Plaintiff's TILA claim is barred by either the one-year statute of limitations under section 1640(e) or the three-year condition precedent under section 1635(f). (Defs.' Mem. 8-9.); *See* 15 U.S.C. § 1640(e) ("Any action under this section may be brought . . . within one

15

year from the date of the occurrence of the violation"); *also see* 15 U.S.C. 1635(f) ("An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first.") In response, Plaintiff submits that his TILA claim should not be time-barred because he should receive the benefit of equitable tolling which "should be read into every federal statute of limitations" based on Defendants' failure to provide the URLA and GFE to Plaintiff. (Pl.'s Mem. 7-8.)

Though there is no controlling circuit precedent regarding whether TILA is subject to the doctrine of equitable tolling when Plaintiff alleges fraudulent concealment, other federal courts have held that the statute of limitations period in TILA was subject to equitable tolling. *See, e.g., Ellis v. General Motors Acceptance Corp.*, 160 F.3d 703, 706 (11th Cir. 1998) (internal citation omitted); *Ramadan v. Chase Manhattan Corp.,* 156 F.3d 499, 501-03 (3d. Cir. 1998); *Jones v. TransOhio Savings Ass'n*, 747 F.2d 1037, 1041 (6th Cir. 1984); *King v. California*, 784 F.2d 910, 914-15 (9th Cir. 1986); *Barnes*, 243 F.Supp.2d at 561-62 (internal citations omitted); *cf. Hardin*, 797 F.2d at 1039-40 (holding in dicta that TILA was not subject to equitable tolling).

The Court need not address whether the statute of limitations period in TILA was subject to the doctrine of

equitable tolling for the same reasons articulated above for Plaintiff's RESPA claim.  Even if Plaintiff's TILA claim were subject to the doctrine of equitable tolling, the Court finds that Plaintiff failed to allege sufficient facts to receive the benefit of equitable tolling.  In his Complaint, Plaintiff failed to demonstrate any facts based on which this Court can conclude that there was any affirmative act of fraudulent concealment committed by the moving Defendants.  It is unclear, based on the allegations in the Complaint, which sections of TILA these Defendants have violated and how.  In other words, there is no evidence of these Defendants' specific and affirmative action that could form the basis of Plaintiff's TILA claims.  Based on these facts, the Court will also dismiss Count II of the Complaint.

### 3.  Counts III-VI

Defendants move the Court to dismiss, to the extent that they apply to them, Count III (Common Law Civil Conspiracy), Count IV (Fraud and/or Fraud in the Inducement), Count V (Breach of Fiduciary Duty), and Count VI (Negligence) of the Complaint based on the argument that these claims are barred by the applicable statutes of limitations.  Even though the Complaint lacks sufficient facts for the Court to ascertain the nature of these claims in order to choose properly the applicable statute of limitations period, the Court agrees with Defendants and finds

that all these claims are barred under the two-year statute of limitations period under Virginia Code § 8.01-243(A), five-year statute of limitations period under Virginia Code § 8.01-243(B), or the two-year "catch-all" statute of limitations period under Virginia Code § 8.01-248. *See* Va. Code Ann. §§ 8.01-243, 248. Given that the settlement at issue occurred on January 29, 2004 (Compl. ¶ 12), more than five years before Plaintiff brought this suit, and all other violations alleged in the Complaint occurred prior to the settlement, the Court finds that the applicable statutes of limitations on Counts III-VI, whether two or five, bar Plaintiff's claims against Defendants.

Plaintiff generally argues that his claims are not time-barred because the doctrine of equitable tolling should apply to his negligence, civil conspiracy, fraud, and breach of fiduciary duty claims based on the fact that Plaintiff was unable to discover "the existence of the various rights and remedies sought by virtue of his Complaint." (Pl.'s Mem. 8-9.) Based on its review of Virginia statutory and case law, the Fourth Circuit has held that "a statute of limitations is tolled until a person *intentionally misled* by a putative defendant could reasonably discover the wrongdoing and bring action to redress it." *F.D.I.C. v. Cocke*, 7 F.3d 396, 402 (4th Cir. 1993) (emphasis added). In other words, Plaintiff must first demonstrate that Defendants intentionally misled Plaintiff then show how Plaintiff

was deterred from reasonable discovery of such misconduct.

This Court's review of the Complaint reveals no intentional misconduct by any of the moving Defendants to mislead Plaintiff into obtaining the Loans at issue.  Plaintiff plainly failed to allege if and how these Defendants were involved in the alleged misconduct committed against Plaintiff.  And even if the Court were to assume that Plaintiff was somehow misled by these Defendants, it appears that a diligent person could have easily discovered the terms of his Loans during the settlement closing or anytime thereafter.  For these reasons, the Court will dismiss Counts III through VI of the Complaint against Defendants.

### 4.  Count VII

Lastly, the Court agrees with Defendants that MLBA does not create a private cause of action and will accordingly dismiss Count VII of the Complaint, which alleges a violation of MLBA. *Williams v. Equity Holding Corp.*, 498 F.Supp.2d 831, 847 (E.D. Va. 2007).

### IV.  Conclusion

For the foregoing reasons, the Court will grant Defendants U.S. Bank, MERS, and Samuel I. White's Motions to Dismiss Plaintiff's Complaint without prejudice[4] pursuant to

---

[4] On November 9, 2009, The Court granted Defendant MBH Settlement Group, L.C.'s ("MBH's") Motion to Dismiss the Complaint and dismissed Plaintiff's Complaint against MBH with prejudice based on MBH's argument that all Plaintiff's claims were barred by the applicable statutes of limitations. (Dkt. 22.)  The Court notes that Plaintiff did not oppose MBH's Motion to Dismiss.  Thus, the defense of equitable tolling was not presented before the

Federal Rules of Civil Procedure Rule 12(b)(4) through (6).

An appropriate Order will issue.

November 30, 2009                        /s/
Alexandria, Virginia              James C. Cacheris
                           UNITED STATES DISTRICT COURT JUDGE

---

Court for its consideration.