IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

```
PRUDENCIO MARTINEZ,           )
                              )
     Plaintiff,               )
                              )
     v.                       )   1:09cv1112 (JCC/TCB)
                              )
RESOURCE BANK, FSB, et al.,   )
                              )
     Defendants.              )
                              )
```

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant Fulton Bank, N.A.[1]'s Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(c). For the following reasons, the Court will grant Defendant's unopposed Motion for Summary Judgment.

**I. Background**

This case arises out of a residential home mortgage loan settlement which took place on January 29, 2004 in connection with Plaintiff's purchase of property located at 4111 Granby Road, Woodbridge, Virginia ("Property"). (Compl. ¶ 3.)

---

[1] Defendant Fulton Bank, N.A. is a successor-in-interest by merger to Resource Bank, FSB.

1

Plaintiff Prudencio Martinez[2] ("Martinez" or "Plaintiff") is the borrower of the residential home mortgage loans ("Loans") at issue and the owner of the Property. (Compl. ¶ 3.) Defendant Resource Bank, FSB ("Resource Bank"), now Fulton Bank, N.A. ("Fulton"), is the original lender of the Loans in the amount of $259,949.23. (Compl. ¶ 4.) Defendant U.S. Bank National Association ("U.S. Bank") is the trustee under the deed of trust executed by Plaintiff in connection with the Loans secured by the Property. (Compl. ¶ 5.) Defendant Samuel I. White, P.C. ("Samuel I. White") is a substitute trustee for the foreclosure sale of the Property. (Compl. ¶ 6.) Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") is a data management company based in Virginia. (Compl. ¶ 7.) Defendant MBH Settlement Group, L.C. ("MBH"), upon information and belief, is the settlement agent of the Loans. (Compl. ¶ 8.) Plaintiff also named Defendants John Does 1-50 whose names and capacities are unknown at this time. (Compl. ¶ 9.)

The Complaint contains the following eight causes of action against various Defendants: (1) violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et*

---

[2] The notice of removal filed by Defendant MBH Settlement Group, L.C., which brought this case before the Court, noted that Plaintiff's name was "Prucencio Martinez" [dkt. 1]. Thus, Plaintiff's first name appears as "Prucencio" in the Court's electronic docket. However, it appears that Plaintiff's first name is "Prudencio" based on other documents submitted to the Court. Thus, the Court will refer to the Plaintiff in this case as "Prudencio Martinez" in this Opinion.

*seq.*, and the Virginia Consumer Real Estate Settlement Protection Act ("CRESPA"), Va. Code. Ann. §§ 6.1-2.19*, et seq.;* (2) violations of the Federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.,* and 12 C.F.R. § 226 ("Regulation Z"); (3) common law conspiracy; (4) fraud in fact and fraud in the inducement; (5) breach of fiduciary duty; (6) negligence; (7) violation of the Virginia Mortgage Lender and Broker Act ("MLBA"); and (8) declaratory judgment.  (Compl. ¶¶ 20-80.) Plaintiff seeks statutory damages, general damages in the sum of $300,000, actual damages to be established at trial, costs and reasonable attorney's fees, a judgment order declaring that Defendants are not entitled to enforce the Loans against Plaintiff, a judgment order asking Defendants to identify the actual note holder of the Loans, and any other relief the Court deems appropriate.  Plaintiff also seeks an injunctive relief "prohibiting the Defendant[s] from any action which would result in Plaintiff being ousted from the disputed Property" and punitive damages in the sum of $750,000.

The allegations in the Complaint, for the purpose of providing background information, are as follows: Plaintiff is from El Salvador and is a permanent resident of the United States with limited ability to speak, read, or write in English. (Compl. ¶ 10.)  To purchase the Property, Plaintiff submitted a Uniform Residential Loan Application ("URLA") to Defendant Fulton

under the belief that he was being qualified for a fixed rate mortgage loan. (Compl. ¶ 11.) Plaintiff contends that he should have but did not receive a Good Faith Estimate ("GFE") after he submitted the URLA. (Compl. ¶ 11.) Also, Plaintiff alleges that Defendant Fulton failed to verify the misrepresented income figure that was included in the URLA. (Compl. ¶ 19.)

To pay for the Property, Plaintiff obtained two Loans in the amount of $200,000 ("First Loan") and $50,000 ("Second Loan") respectively. (Compl. ¶ 12.) Defendant Fulton informed Plaintiff that he could lock in the interest rate on the First Loan at 6.25%, to be amortized for 30 years, if Plaintiff closed the loan within a certain time frame. (Compl. ¶ 13.) However, the interest rate was due to adjust within two years of the signing. (Compl. ¶ 13.) The adjustable rate note for the First Loan provides that the loan is fixed for approximately two years, thereafter adjusting to a variable interest rate of 9.25%, then to 11.25% within the fourth year. (Compl. Ex. 1.) The balloon note for the Second Loan provides that the interest rate on the Second Loan is fixed at 11.875% and the remaining balance of the loan would balloon and be due on February 1, 2019. (Compl. Ex. 2.)

Plaintiff settled on the purchase of the Property on January 29, 2004 at the offices of MBH in Lake Ridge, Virginia. (Compl. ¶¶ 12, 17.) The settlement took less than 30 minutes.

(Compl. ¶ 17.) Plaintiff alleges that he felt rushed by MBH and had to sign the relevant settlement papers without knowing the specifics of the documents. (Compl. ¶ 17.) Plaintiff states that he signed the papers assuming that he received a fixed interest rate loan. (Compl. ¶ 17.) In connection with the First Loan, Plaintiff executed a deed of trust ("DOT") owing $200,000 to Defendant Resource Bank and promised to pay this debt in full no later than February 1, 2034. (Compl. Ex. 3.) The DOT was executed for the benefit of Defendant MERS and was secured by the Property. (Compl. Ex. 3.) When the interest rate on the First Loan adjusted in early 2006, Plaintiff began to experience financial difficulties managing high monthly mortgage loan payments with other living expenses and defaulted on the Loans. (Compl. ¶ 20.) On August 21, 2009, Plaintiff received a letter from Samuel I. White which notified Plaintiff that the foreclosure sale on the Property will take place on September 11, 2009. (Compl. Ex. 6.) The letter also informed Plaintiff that if the Property is sold as scheduled, he would be required to vacate the premises. (Compl. Ex. 6.)

The undisputed facts of the case in accordance with Local Rule 56(B)[3] are as follows: Plaintiff closed on

---

[3] Local Civil Rule 56(B) for the United States District Court for the Eastern District of Virginia provides that "the Court may assume that facts identified by the moving party in its listing of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion" in determining a motion for summary judgment. Plaintiff did not oppose Defendant Fulton's Motion for Summary Judgment.

5

residential loans to purchase the Property on January 29, 2004. Defendant Fulton is the original lender of the Loans in the amount of $259,949.23, and they are evidenced by two promissory notes and two DOTs. (Def.'s Mem. in Supp. Of its Mot. for Summ. J. (Def.'s Mem.); Exs. A, B.)

On September 10, 2009, Plaintiff filed the Complaint against Defendants Fulton, U.S. Bank, Samuel I. White, MERS, MBH, and John Does 1 through 50 in the Circuit Court for Prince William County, Virginia. On October 2, 2009, Defendant MBH removed the case to the United States District Court for the Eastern District of Virginia. On October 7, 2009, Defendant MBH moved to dismiss the Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff did not oppose Defendant MBH's Motion to Dismiss. On November 9, 2009, the Court granted MBH's motion and dismissed the Complaint against MBH with prejudice on the basis that the claims alleged specifically against MBH, Counts I-III, V, and VI, were barred by the applicable statutes of limitations.

On October 23, 2009, Defendants U.S. Bank and MERS filed their joint Motion to Dismiss and Defendant Samuel I. White filed his Motion to Dismiss on October 30, 2009. Both motions were made by limited appearance to challenge service and service of process pursuant to Rule 12(b)(4) and Rule 12(b)(5) of the Federal Rules of Civil Procedure. Plaintiff did not oppose these

motions.  Per this Court's request, Plaintiff and Defendants U.S. Bank, MERS, and Samuel I. White filed a supplemental memorandum relating to the statute of limitations issues on November 13, 2009.  In the supplemental Memorandum submitted, Defendants U.S. Bank, MERS, and Samuel I. White moved to dismiss the Complaint pursuant to Rule 12(b)(6).  Plaintiff filed his opposition on November 13, 2009.  On November 30, 2009, the Court granted Defendants U.S. Bank, MERS, and Samuel I. White's Motions to Dismiss Plaintiff's Complaint without prejudice.  The Court dismissed Counts I-VI because Plaintiff's claims were barred by the applicable statutes of limitations, dismissed Count VII because there existed no private cause of action, and dismissed Count VIII because Plaintiff failed to allege an actual controversy.

On January 29, 2010, the Court granted Plaintiff's then-attorney Rachael Anne Hammer's Motion to Withdraw as Attorney on the basis that she was no longer with the Pesante Firm, which represented Plaintiff.  On February 19, 2010, Defendant Fulton filed its Motion for Summary Judgment.  On March 9, 2010, the Court ordered Defendant Fulton to serve Plaintiff with proper *Roseboro* notice in accordance with Local Rule 7(K) along with its Motion for Summary Judgment because no attorney from the Pesante Firm filed a notice of appearance on behalf of Plaintiff despite Ms. Hammer's representation to this Court in

her Motion to Withdraw that another attorney from the firm was going to take over the Plaintiff's case. Thus, the Court deems Plaintiff to be proceeding as *pro se.*

On March 9, 2010, Defendant Fulton re-filed its Motion for Summary Judgment. Defendant Fulton's Motion included proper notice pursuant to Local Rule 7(K) and *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). Plaintiff, *pro se*, did not oppose the Motion. Defendant's Motion is before the Court.

## II. Standard of Review

Summary judgment is appropriate only if the record shows that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *Evans v. Techs. Apps. & Serv. Co.*, 80 F.3d 954, 958-59 (4th Cir. 1996) (citations omitted). The party seeking summary judgment has the initial burden of showing the absence of a material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). The party

opposing summary judgment may not rest upon mere allegations or denials and "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248 (quotation omitted). A mere scintilla of evidence is insufficient to overcome summary judgment. *Id.* at 248-52. In reviewing the record on summary judgment, the court "must draw any inferences in the light most favorable to the non-movant." *Brock v. Entre Computer Ctrs., Inc.*, 933 F.2d 1253, 1259 (4th Cir. 1991) (citations omitted).

### III. Analysis

In Plaintiff's Complaint, only Counts I through VI are specifically alleged against Defendant Fulton. (Compl. ¶¶ 23-72.) Defendant Fulton submits that all of the Plaintiff's claims arise out of the settlement that took place on January 29, 2004 and because the settlement took place more than five years before the Complaint was filed on September 10, 2009, Counts I through VI are time-barred. (Def.'s Mem. 5.) Additionally, Defendant Fulton submits that Count VII, which alleges a violation of the "Virginia Lender and Broker Act,"[4] does not create a private cause of action. (Def.'s Mem. 6.) Thus, the Court will address Defendant's argument regarding Counts I through VII in turn.

---

[4] The Court presumes that Plaintiff must have meant to allege a violation of Virginia's Mortgage Lender and Broker Act ("MLBA"), Va. Code Ann. § 6.1-408, *et seq.*, when he alleged a violation of the "Virginia Lender and Broker Act" in his Complaint.

9

1. Count I

Plaintiff alleges in Count I of his Complaint that Defendant Fulton, though not clear which ones, violated RESPA and CRESPA when they failed to provide Plaintiff proper pre-disclosure statements and a signed copy of the original documentation for the Loans on or before the date of the settlement. As an initial matter, the Court finds that CRESPA is inapplicable in this case because CRESPA does not allow for a private cause of action. *See Stith v. Thorne*, 247 F.R.D. 89, 96 (E.D. Va. 2007) ("Stith is an individual and not a licensing authority; therefore she cannot pursue a private cause of action under CRESPA.")

RESPA's statute of limitations provisions vary depending on which sections of RESPA are alleged to have been violated. 12 U.S.C. § 2614 ("Any action pursuant to the provisions of section 2605, 2607, 2608 of this title may be brought . . . within 3 years in the case of a violation of section 2605 . . . and 1 year in the case of a violation of section 2607 or 2608 of this title from the date of the occurrence of the violation.") Notwithstanding the ambiguity in the Complaint regarding what sections of RESPA Plaintiff is alleging to have been violated by which Defendants and complete absence of any evidence to the contrary, the Court holds that, Plaintiff's RESPA claim is barred by the applicable statute of

limitations because the alleged violation occurred more than five years before Plaintiff filed the Complaint on September 10, 2009, especially in the absence of evidence of fraud.  Thus, the Court will grant Defendant Fulton's Motion for Summary Judgment as to Count I of the Complaint.

   2.  Count II

   Plaintiff in Count II of the Complaint alleges that Defendant Fulton, though unclear which ones, violated TILA and Regulation Z by (1) failing to timely disclose required information regarding the real estate transaction at issue; (2) knowingly giving false information to Plaintiff thus inducing him to enter into the real estate transaction at issue; and (3) failing to provide Plaintiff a signed copy of the original documentation for the Loans.  (Compl. ¶¶ 35-39.)

   Defendant Fulton argues that it is entitled to summary judgment as to Count II because Plaintiff's TILA and Regulation Z claim, like Count I, is time-barred by the applicable statute of limitations.  (Def.'s Mem. 5.)  In his Complaint, Plaintiff has failed to allege which specific Defendants violated which specific sections of TILA.  Despite this ambiguity, Defendant Fulton submit that Plaintiff's TILA claim is barred by either the one-year statute of limitations under section 1640(e).  (Def.'s Mem. 5.); *See* 15 U.S.C. § 1640(e) ("Any action under this section may be brought . . . within one year from the date of the

occurrence of the violation"). The undisputed evidence shows that the statute of limitations for Count II expired on January 29, 2005, one year after the loan closing. Additionally, there is no evidence in the record based on which this Court can conclude that there was any affirmative act of fraudulent concealment committed by Defendant Fulton for Plaintiff to receive the benefit of equitable tolling. Based on these facts, the Court will grant Defendant's Motion for Summary Judgment as to Count II of the Complaint.

3. Counts III-VI

Defendant Fulton also moves for summary judgment as to Count III (Common Law Civil Conspiracy), Count IV (Fraud and/or Fraud in the Inducement), Count V (Breach of Fiduciary Duty), and Count VI (Negligence) of the Complaint based on the fact that these claims are barred by the applicable statutes of limitations. Even though the Complaint lacks sufficient facts for the Court to ascertain the nature of these claims in order to choose the applicable statute of limitations period, the Court agrees with Defendant Fulton and finds that all these claims are barred under the two-year statute of limitations period under Virginia Code § 8.01-243(A), five-year statute of limitations period under Virginia Code § 8.01-243(B), or the two-year "catch-all" statute of limitations period under Virginia Code § 8.01-248. *See* Va. Code Ann. §§ 8.01-243, 248. Given that the

settlement at issue occurred on January 29, 2004, more than five years before Plaintiff brought this suit, and all other violations alleged in the Complaint occurred prior to the settlement, the Court finds that the applicable statutes of limitations on Counts III-VI, whether two or five, bar Plaintiff's claims against Defendant Fulton.

Plaintiff also produced no evidence of intentional misconduct by Defendant Fulton to mislead Plaintiff into obtaining the Loans at issue. For these reasons, the Court will grant Defendant Fulton's Motion for Summary Judgment as to Counts III through VI of the Complaint.

### 4. Count VII

Lastly, the Court notes that MLBA does not create a private cause of action, *see Williams v. Equity Holding Corp.*, 498 F.Supp.2d 831, 847 (E.D. Va. 2007), and will accordingly grant Defendant Fulton's Motion for Summary Judgment as to Count VII of the Complaint, which alleges a violation of MLBA.

## IV. Conclusion

For the foregoing reasons, the Court will grant Defendant Fulton's Motion for Summary Judgment.

An appropriate Order will issue.

April 1, 2010  /s/
Alexandria, Virginia  James C. Cacheris
UNITED STATES DISTRICT COURT JUDGE